FILED
DEC 2 1 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | Mag. Case No. '07 MJ 8999 |
| | ) | COMPLAINT FOR VIOLATION OF: |
| v. | ) | Title 8, U.S.C., Section 1324 (a)(1)(A)(iii)- Harboring Illegal Alien(s) |
| Caesar Alfonso DILAN | ) | |
| Defendants | ) | |

The undersigned complainant, being duly sworn, states:

On or about December 19, 2007, within the Southern District of California, defendant Caesar Alfonso DILAN knowing and in reckless disregard of the fact that an alien, namely, Gerardo GUZMAN-Maya, had come to, entered or remained in the United States in violation of law, did conceal, harbor or shield from detection such alien in a building located in Calexico, California; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

And the complainant states that this complaint is based on the attached statement of facts which, is incorporated herein by reference.

Senior Border Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 21st DAY OF DECEMBER 2007.

Peter C. Lewis
United States Magistrate Judge

UNITED STATES OF AMERICA

VS.

Caesar Alfonso DILAN

# STATEMENT OF FACTS

The complainant states that this complaint is based upon statements in the investigative reports by the apprehending officer, Border Patrol Agent A. Mills, that on December 19, 2007, the defendant, a United States citizen was apprehended at 739 First Street, Apartment B, Calexico, California, as he harbored, concealed and shielded from detection one (1) illegal aliens in violation of law.

Agent Carroll observed an individual climb over the International Border Fence with Mexico near the intersection of First Street and Encinas Avenue. Agent Carroll maintained constant visual of the individual as the individual ran north across First Street toward the duplex located at 739 First Street. The individual ran into 739 First Street Apartment B and closed the door behind him.

Agents made several attempts to make contact with the occupant of apartment B of 739 First Street but to no avail. Surveillance was conducted on the residence. Agent M. Harrington observed a man in wheelchair open the front door of Apartment B. Agent Harrington made contact with the individual, later identified as Caesar Alfonso DILAN, and identified himself as a United States Border Patrol Agent to DILAN. DILAN stated he had been sleeping and no one else was inside the apartment. Agent Harrington asked DILAN for consent to enter the apartment. DILAN refused and slammed the door shut.

Agents continued conducting surveillance on the apartment. At approximately 5:40 P.M., on December 18, 2007, Agent S. Sedano heard the back door open. Agent Sedano observed an individual exiting the back door of the apartment on a bicycle. Agent Sedano approached and identified himself as a United States Border Patrol Agent to the individual. Agent Sedano conducted a brief interview with the man on the bicycle. Agent Sedano observed DILAN at the back door where the individual just came from. Agent Sedano saw DILAN go back inside and slam the door closed. Agent Sedano continued to question the individual that

came out of the apartment and the subject identified himself as Gerardo GUZMAN-Maya, who stated he is a citizen of Mexico without any immigration documents that would allow him to be in, work, or reside in the United States legally. GUZMAN admitted to entering the United States by climbing over the border fence. GUZMAN was arrested and transported to the Calexico Station for further questioning and processing. Agent Sedano attempted to make contact with DILAN by knocking on the back door but DILAN did not answer the door.

Surveillance was ongoing and uninterrupted on 739 First Street, Apartment B, Calexico, California. No one else was observed leaving or entering the premises.

At the station, Gerardo GUZMAN-Maya stated he did not know how much money he was going to pay for the smuggling service. GUZMAN thought he was going to make smuggling fee arrangements with the individual inside the house in the United States. GUZMAN was instructed by smugglers in Mexico to climb over the border fence and run into a house the smugglers had instructed him to go to. GUZMAN said he found the door to the apartment slightly opened, entered the apartment and closed the door behind him. Once inside the apartment he was received by a man in a wheelchair. The man in the wheelchair reassured him that everything was going to be alright and to remain calm. GUZMAN questioned the man regarding the smuggling fee and the man, later identified as DILAN, told him not to worry about it. GUZMAN said DILAN fed him and took him to a bedroom where he slept and spent the night. The next day DILAN gave GUZMAN a bicycle and told GUZMAN to leave using the back door. GUZMAN was quickly apprehended by border patrol. GUZMAN stated that he believed that DILAN was aware that GUZMAN was an illegal alien. GUZMAN also said that DILAN gave GUZMAN a jacket to wear so that border patrol would not recognize him. GUZMAN was shown a six pack photo line up and positively identified photo number three, DILAN, as the man inside the house where he was smuggled.

On December 19, 2007 at approximately 1420 hours a warrant was executed on 739 First Street, Apartment B, Calexico, California. Caesar Alfonso DILAN was found inside the residence and arrested. DILAN was transported to the Calexico Station.

At the station, Agent Sedano witnessed Agent J. Vega-Torres read DILAN his rights per Miranda.

The complainant states that the names of the Material Witnesses are as follows:

| **NAME** | **PLACE OF BIRTH** |
| --- | --- |
| Gerardo GUZMAN-Maya | Mexico |

Further, complainant states that Gerardo GUZMAN-Maya, is a citizen of a country other than the United States; that said alien has admitted that he is deportable; that his testimony is material, that it is impracticable to secure his attendance at the trial by subpoena; and he is a material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.